UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOY TALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:06-CV-48-PPS-PRC |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION and ORDER**

This matter is before the Court on a Motion to Stay [DE 21], filed by the Defendant, NCO Financial Systems, Inc., on August 22, 2006. On September 7, 2006, the Plaintiff filed her Opposition to Defendant's Motion to Stay. The Defendant did not file a reply.

*PROCEDURAL BACKGROUND*

On August 8, 2006, the Plaintiff filed her Motion for Class Certification and Memorandum in Support of Plaintiff's Motion for Class Certification. On August 22, 2006, the Defendant filed the instant Motion, in which it requested that the Court stay its ruling on class certification pending its ruling on summary judgment, which the Defendant represented its intention to file by September 8, 2006. On August 25, 2006, the Defendant filed its Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment. On September 7, 2006, the Plaintiff filed its Response in Opposition to the instant Motion. On September 22, 2006, the Plaintiff filed the following: a Motion to Strike Affidavit of Frank J. Booker, Jr. and Incorporated Memorandum of Law, a Cross-Motion for Summary Judgment, and Memorandum in Response to NCO's Motion for Summary Judgment and In Support of Her Cross-Motion for Summary Judgment on Liability.

In the instant motion, the Defendant requests that the Court stay its ruling on class certification pending its ruling on Defendant's Motion for Summary Judgment. Citing case law favorable to its position and in the interest of judicial economy, the Defendant argues that because its Motion for Summary Judgment may lead to dismissal of this action and thus render the issue of class certification moot, the Court

should stay its ruling on class certification pending ruling on summary judgment in order to avoid unnecessary discovery and motion practice related to class certification.  The Plaintiff responds that the general rule in the Seventh Circuit is that the resolution of a motion for class certification before summary judgment is required.  In the alternative, the Plaintiff requests that if the Court stays class certification pending summary judgment, then the Court should also rule that the Defendant has waived the protection from multiple individual lawsuits under Rule 23.

## ANALYSIS

Federal Rule of Civil Procedure 23(c)(1)(A) provides that "[w]hen a person sues or is sued as a representative of a class, the court must–*at an early practicable time*–determine by order whether to certify the action as a class action."  Fed.R.Civ.P. 23(c)(1)(A) (emphasis added).  While the phrase "at an early practicable time" fails to provide any substantive direction, the advisory committee notes provide guidance on the issue of timing and class certification.  The 2003 Amendments explain that the language in subdivision (c)(1)(A) was changed from "as soon as practicable" to the current reading, i.e., "at an early practicable time," because the previous phrase "neither reflect[ed] prevailing practice nor capture[d] the many valid reasons that may justify deferring the initial certification decision."  Fed.R.Civ.P. 23(c)(1)(A) advisory committee notes (2003 Amendments).  The advisory committee notes offer examples of "valid reasons" for deferring class certification decision, such as time to gather information necessary to the certification decision.  *Id.*  The advisory committee notes continue: "Other considerations may affect the timing of the certification decision.  The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified."  *Id.*  In addition to the advisory committee notes, the Manual for Complex Litigation provides that a "court may rule on motions pursuant to Rule 12, Rule 56, or other threshold issues before deciding on certification; however, such rulings bind only the named parties."  Manual for Complex Litigation (Fourth) § 21.133 (2004).

In support of its Response opposing the Defendant's Motion to Stay, the Plaintiff cites and relies on two cases:  *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 353 (7th Cir. 1975) and *Chavez v. Illinois State Police*, 251 F.3d 612, 630 (7th Cir. 2001), which both stand for the principle that Rule 23 requires class

certification prior to a determination on the merits.  *See Chavez*, 251 F.3d at 629-30 (providing that "[i]n most circumstances, a judge should determine whether to grant or deny certification prior to ruling on the merits, as indicated by the text of Rule 23").  The Court finds that these cases are not outcome determinative here for two reasons.  First, Seventh Circuit cases have also ruled, interpreting the pre-2003 version of Rule 23(c)(1)(A), that " 'practicable' allows for wiggle room."  *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995), and thus Rule 23(c)(1)(A) does not mandate a ruling on class certification prior to a ruling on the merits in every instance.[1]  Second and more importantly, both of the cases cited by the Plaintiff, *Peritz* and *Chavez*, interpreted the text of Rule 23(c)(1)(A) before the 2003 Amendments.  Therefore, the *Peritz* and *Chavez* Courts did not have the benefit of the advisory committee notes explaining that a ruling on the merits may constitute a valid reason for deferring a class certification decision.  In addition, since the 2003 Amendments, other courts have ruled, interpreting the revised language of Rule 23(c)(1)(A), that courts may rule on dispositive motions before class certification.  *See Good v. Altria Group, Inc.*, 231 F.R.D. 446, 447 (D. Me. 2005).

Accordingly, considering the advisory committee notes to the 2003 Amendments to Rule 23, and noting that the Defendant's Motion for Summary Judgment will be fully briefed shortly, the Court finds that, in this case, it is in the interests of judicial economy and efficiency for the Court to rule on the motion for summary judgment prior to the motion for class certification in order to determine whether the claim of the named Plaintiff lacks merit and thus whether the motion for class certification is moot.  Further, the Court finds that by requesting to proceed first with summary judgment as opposed to class certification, the

---

[1] Furthermore, other courts have found, interpreting the pre-2003 Amendments, that a ruling on the merits may precede class certification in some instances.  *See Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) (quoting *Cowen*, 70 F.3d at 941) ("As the Seventh Circuit has noted, although a certification decision will usually be 'practicable' before the case is ripe for summary judgment, that will not always be so, and the word 'practicable' allows for wiggle room-enough to make the order of disposition of motions for summary judgment and class certification a question of discretion for the trial court"); *see Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000) (providing that "[i]t was within the court's discretion to consider the merits of th claims before their amenability to class certification"); *Thompson v. County of Medina*, 29 F.3d 238, 240-41 (6th Cir. 1994); *Adamson v. Bowen*, 855 F.2d 668, 677 n. 12 (10th Cir. 1988); *Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 214 (2d Cir. 1987); *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984); s*ee also Evans v. Taco Bell Corp.*, No. 04-CV-103-JD, 2005 WL 2333841, at *4 n. 6 (D. N.H. Sept. 23, 2005) ("It is now well settled that, absent prejudice to the plaintiff, a court may decide a defendant's motion for summary judgment in a putative class action before taking up the issue of class certification") (citations omitted).

Defendant has waived the protection of subsequent suits under Rule 23(b)(1)(A). *See Cowen*, 70 F.3d at 941-42 (providing that when a court decides to rule on summary judgment prior to class certification, "the defendant loses the preclusive effect on subsequent suits against him of class certification but saves the added expense of defending a class action and may be content to oppose the members of the class one by one, as it were, by moving for summary judgment, every time he is sued, before the judge presiding over the suit decides whether to certify it as a class action").

## *CONCLUSION*

Accordingly, based on the foregoing, the Court now **GRANTS** the Motion to Stay [DE 21]. The Court **ORDERS** that briefing on Plaintiff's Motion to Certify Class [DE 19] is hereby **STAYED** pending ruling by the Court on Defendant's Motion for Summary Judgment [DE 24].

SO ORDERED this 12th day of October, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record